INHABITANTS OF NEWRY *vs.* INHABITANTS OF GILEAD.

*Pauper living in an unincorporated place—what town must relieve.*

The younger of the two towns adjoining a place not incorporated cannot furnish pauper supplies to a person living in such place, and then recover the value of them from the older adjoining town. notwithstanding the pauper's settlement was in the latter town.

ON REPORT.

ASSUMPSIT for pauper supplies. The facts appear in the opinion.

*D. Hammons*, for the plaintiffs, contended.

1. That each town is required to relieve all of its paupers within its own limits.

2. That each town is required to relieve all paupers found within its limits.

3. That Public Laws of 1868, c. 219 (R. S., c. 24, § 22), requires the oldest town adjoining a plantation to relieve all paupers, other than its own, found within such plantation in distress ; and the general statute requires it to relieve its own under same circumstances.

4. That any town may relieve a pauper found in any unincorporated place and have reimbursement under c. 219, from the town of the pauper's settlement.

*E. Foster*, *jr.*, for the defendants.

APPLETON, C. J. This is an action of assumpsit for supplies furnished by the plaintiffs to one Polly Leavitt, who was then residing on an unincorporated plantation called Riley, and who, as the plaintiffs offered to prove, had her legal settlement in the defendant town.

The plaintiffs in their writ allege that ' being the oldest incorporated adjoining town, they furnished the supplies sued for, to Polly Leavitt, who had fallen into distress within the said Riley plantation, and then and there stood in need of relief,' etc.

It may be regarded as admitted, for the purpose of ascertaining if this action is sustainable, that Polly Leavitt, at the time the supplies were furnished, was residing in Riley plantation, that she had fallen into distress and stood in need of relief, that she was relieved by the plaintiff town, that the supplies furnished were reasonable and proper, and that the legal settlement of the pauper was in the defendant town.

By R. S., 1857, c. 24, § 22, ' persons living in places not incorporated and needing relief are under the care of the overseers of the adjoining town, where they are liable to be taxed,' etc. In commenting upon this section in *Ellsworth* v. *Goldsboro*, 55 Maine, 97, Mr. Justice Kent says: ' Questions may arise as to which of the adjacent towns is intended. The liability to taxation may be questionable or indefinite, or not clearly fixed, and the towns may be disputing as to their respective duties and obligations, whilst the poor paupers are perishing for lack of food. Perhaps a more definite and satisfactory designation would be that of the oldest adjacent town, or the town nearest the place of the pauper's residence when he fell into distress, or the town first applied to for relief.'

Accordingly, by c. 219 of the acts of 1868, the following section was substituted for R. S., c. 24, § 22. ' Persons living in places not incorporated, and needing relief, are under the care of the overseers of the oldest incorporated adjoining town, or the nearest incorporated town when there are none adjoining, who shall furnish relief to such persons in the same manner as though they were found in such town; and such overseers may bind to service the children of such persons, as they may those of paupers of their own town, and may bind out persons described in section twenty in the manner therein provided, residing in such unincorporated place, as if in their own town, such persons being entitled to a like remedy and relief. When relief is provided for paupers residing in such places, the towns furnishing it are entitled to the same remedies against the town where they have a settlement, as if such persons resided in the town where such relief is afforded,' etc.

The writ alleges that the plaintiff town is the oldest incorporated adjoining town, but the proof negatives that fact.

The plaintiffs then claim, as the defendant town was the oldest incorporated adjoining town, and, as such, bound to furnish supplies to the pauper, that they are entitled to recover, as they have done for the defendant town what it ought and should have done. But such we think is not the law.

A town is not bound to furnish relief to a pauper in distress and standing in need of relief except only, and so far, as it is a matter of statutory enactment. Unless, therefore, the plaintiffs can bring their case within the provision of some statute they must fail, for there is no moral obligation resting upon the defendant town to support its paupers.

Now the paupers to be relieved are not under the care of the overseers of the poor of the several towns in the State, but of ' the overseers of the oldest incorporated adjoining town,' who, by the statute, ' shall furnish relief to such persons in the same manner as though they were found in such town.' In other words, the overseers to whose care the pauper and his family are intrusted, are to have the charge of them and to furnish relief to them, not the overseers who have no control over them.

So the towns furnishing relief ' are entitled to the same remedies against the towns where they have a settlement, as if such persons resided in the town when the relief is afforded.' But the towns furnishing must be under a statutory obligation to furnish relief, else they are without remedy. One town has no right to intervene for another town and voluntarily to furnish supplies, which by law it was not obliged to furnish, and then recover the amount so furnished of the town which was obliged to furnish it. The plaintiff town was under no greater legal obligation to furnish supplies to Polly Leavitt, than any other town in the State. It had not and could not rightfully have any care of, or oversight over, the paupers on Riley plantation. That duty is devolved by the statute upon the defendant town alone. The plaintiff town is a mere volunteer and must fail. *Plaintiffs nonsuit.*

CUTTING, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.